**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| CARLSMED, INC.<br><br>Plaintiff,<br><br>v.<br><br>DEGEN MEDICAL, INC.<br><br>Defendant. | Case No. __________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Carlsmed, Inc. ("Carlsmed") for its Complaint alleges as follows:

## I. NATURE OF THE ACTION

1. This is a Complaint for patent infringement arising under the Patent Act, 35 U.S.C. § 1, *et seq*. As described below, Defendant, DeGen Medical, Inc. ("DeGen"), has infringed, and is infringing, multiple Carlsmed patents, despite notice of the patents, and despite Carlsmed's efforts to resolve the infringement without litigation.

## II. THE PARTIES

2. Carlsmed is a Delaware corporation with its principal place of business at 1800 Aston Ave., Suite 200, Carlsbad, California, 92008.

3. On information and belief, DeGen is a South Carolina corporation, with its principal place of business at 1321-C N. Cashua Dr. A, Florence, South Carolina, 29501.

## III. JURISDICTION AND VENUE

4. Because this case arises under the Federal Patent Laws, the Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because DeGen has committed acts of patent infringement and has an established place of business in this District.

## IV. CARLSMED AND THE PATENTS-AT-ISSUE

6. Carlsmed is a medical technology and device company pioneering personalized spine surgery solutions with a mission to improve outcomes and decrease the cost of healthcare for spine surgery. Carlsmed designs, manufactures, and markets the aprevo® Technology Platform and interbody implants for spine fusion surgery procedures that are primarily performed at hospitals.

7. As part of pursuing its mission, Carlsmed has invented numerous innovations relating to spinal surgery. As reflected on its website, carlsmed.com/aprevo-technology-platform/, for example, Carlsmed has developed the aprevo® Technology Platform for pre-operative, intra-operative, and post-operative solutions. This platform (the "aprevo® Technology Platform") includes proprietary surgical planning software, using sophisticated algorithms to model planned anatomical corrections and design and manufacture patient-specific implants for achieving the planned corrections. This platform, using inputs from spine surgeons, provides each patient with personalized implant(s) to address their unique pathology and anatomy.

8. For example, the aprevo® Technology Platform includes aprevo® planning software (e.g., the myaprevo® Application) that allows users to prepare, view, and approve a surgical plan, based on detailed patient data, including imaging, spinopelvic parameters, anatomy, and pathology. This plan might include, for example, a virtual, three-dimensionally modeled correction of the spinal anatomy and the type, size, and location of interbody implants to be positioned between the patient's vertebrae. During surgery, Carlsmed's myaprevo®

Application provides the surgeon and operating room staff with an intuitive and detailed three-dimensional plan with visualizations to deliver accurate correction and predictability in achieving the surgical plan.

9. In July 2020, the U.S. Food and Drug Administration ("FDA") awarded Carlsmed a Breakthrough Device Designation, indicating that aprevo® interbody implants are likely to provide a more effective treatment than existing technology. After gaining market access with FDA 510(k) clearance in December 2020, Carlsmed commenced its commercial operations with its first surgery performed in February 2021.

10. In November 2024, the FDA 510(k)-cleared the aprevo® interbody implants for cervical spine fusion surgery with the first use of the cervical implants occurring in July 2025.

11. Clinical evidence has demonstrated that the aprevo® platform can improve surgical outcomes compared to the standard care in connection with both degenerative lumbar disease and adult spinal deformity. In December 2025, the Global Spine Journal published peer-reviewed two-year follow-up data of patients treated with aprevo®, demonstrating a 74% reduced rate of mechanical complication–related reoperations compared to patients who had been treated using existing technology (stock implants). journals.sagepub.com/doi/10.1177/21925682251409696. Other examples of clinical evidence and studies reflecting the potential for enhanced outcomes associated with aprevo® solutions are set forth on Carlsmed's website at carlsmed.com/clinical-evidence/.

12. In recognition of Carlsmed's innovations, the United States Patent and Trademark Office (USPTO) has issued Carlsmed more than 50 patents. These patents include the following patents-in-suit: U.S. Patent No. 11,678,938 (the "'938 Patent"); U.S. Patent No. 12,251,320 (the "'320 Patent"); U.S. Patent No. 12,491,085 (the "'085 Patent"); U.S. Patent No. 12,622,785 (the

"'785 Patent"); U.S. Patent No. 12,636,163 (the "'163 Patent") U.S. Patent No. 12,678,228 (the "'228 Patent"); U.S. Patent No. 12,708,517 (the "'517 Patent"); and U.S. Patent No. 12,734,040 (the '040 Patent") (collectively, the "Patents-in-Suit").

## V. DEGEN MEDICAL AND ITS INFRINGING ACTIVITIES

13. DeGen advertises, markets, designs, manufactures, and sells various products and services connected with spinal surgery. *See* degenmedical.com/all-products/. DeGen advertises that it designs, manufactures, and supplies personalized and customized patient-specific spinal implants for use in spinal surgery. DeGen's products, including its custom-designed Solar PS implants and Impulse PS implants, compete with Carlsmed's aprevo® products and services.

14. As explained further below, DeGen has infringed multiple Carlsmed patents, and continues such infringement, even after pre-filing notice of each of the Patents-in-Suit except for the '040 Patent.

## VI. FIRST CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 11,678,938

15. Carlsmed realleges all of the allegations above as if fully set forth herein.

16. Attached as Exhibit 1 is a copy of U.S. Patent No. 11,678,938 (the "'938 Patent"). Carlsmed owns the '938 Patent and has the exclusive right to sue for infringement of the patent.

17. The '938 Patent discloses and claims, among other things, a specific computer-implemented method for designing and implementing patient-specific surgical procedures and/or medical devices.

18. DeGen has infringed multiple claims of the '938 Patent, including at least claim 1. Exhibit 2 attached hereto is a claim chart illustrating one example of DeGen's infringement of claim 1 of the '938 Patent, including how DeGen practices every element of claim 1.

19. DeGen's acts of infringement have caused, and are causing, Carlsmed substantial

harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

20. DeGen has continued such infringement despite being advised of the ’938 Patent, and such infringement is and has been both willful and egregious.

## VII. SECOND CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,251,320

21. Carlsmed realleges all of the allegations above as if fully set forth herein.

22. Attached as Exhibit 3 is a copy of U.S. Patent No. 12,251,320 (the "’320 Patent"). Carlsmed owns the ’320 Patent and has the exclusive right to sue for infringement of the patent.

23. The ’320 Patent discloses and claims, among other things, a specific computer-implemented method of designing patient-specific spinal implants. DeGen has infringed multiple claims of the ’320 Patent, including at least claim 13. Exhibit 4 attached hereto is a claim chart illustrating one example of DeGen’s infringement of claim 13 of the ’320 Patent, including how DeGen practices every element of claim 13.

24. DeGen’s acts of infringement have caused, and are causing, Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

25. DeGen has continued such infringement despite being advised of the ’320 Patent, and such infringement is and has been both willful and egregious.

## VIII. THIRD CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,491,085

26. Carlsmed realleges all of the allegations above as if fully set forth herein.

27. Attached as Exhibit 5 is a copy of U.S. Patent No. 12,491,085 (the "’085 Patent"). Carlsmed owns the ’085 Patent and has the exclusive right to sue for infringement of the patent.

28. The ’085 Patent discloses and claims, among other things, a specific computer-

implemented method of designing an implant. DeGen has infringed multiple claims of the ’085 Patent, including at least claims 1 and 11. Exhibit 6 attached hereto is a claim chart illustrating one example of DeGen’s infringement of the ’085 Patent, including how DeGen practices every element of claims 1 and 11.

29. DeGen’s acts of infringement have caused, and are causing Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

30. DeGen has continued such infringement despite being advised of the ’085 Patent, and such infringement is and has been both willful and egregious.

## IX. FOURTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,622,785

31. Carlsmed realleges all of the allegations above as if fully set forth herein.

32. Attached as Exhibit 7 is a copy of U.S. Patent No. 12,622,785 (the “’785 Patent”). Carlsmed owns the ’785 Patent and has the exclusive right to sue for infringement of the patent.

33. The ’785 Patent discloses and claims, among other things, a method for designing an orthopedic implant. DeGen has infringed multiple claims of the ’785 Patent, including at least claims 24 and 32. Exhibit 8 attached hereto is a claim chart illustrating one example of DeGen’s infringement of the ’785 Patent, including how DeGen practices every element of claims 24 and 32.

34. DeGen acts of infringement have caused, and are causing, Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

35. DeGen has continued such infringement despite being advised of the ’785 Patent, and such infringement is and has been both willful and egregious.

## X. FIFTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,636,163

36. Carlsmed realleges all of the allegations above as if fully set forth herein.

37. Attached as Exhibit 9 is a copy of U.S. Patent No. 12,636,163 (the "'163 Patent"). Carlsmed owns the '163 Patent and has the exclusive right to sue for infringement of the patent.

38. The '163 Patent discloses and claims, among other things, a spinal implant that includes a patient-specific intervertebral spacer with specific structural elements. DeGen has infringed multiple claims of the '163 Patent, including at least claims 27 and 33, by making, using, offering for sale, and selling implants with each of the structural features claimed in those claims of the '163 Patent. Exhibit 10 attached hereto is a claim chart illustrating one example of DeGen's infringement of the '163 Patent, including how DeGen practices every element of claims 27 and 33.

39. DeGen's acts of infringement have caused, and are causing, Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

40. DeGen has continued such infringement despite being advised of the '163 Patent, and such infringement is and has been both willful and egregious.

## XI. SIXTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,678,228

41. Carlsmed realleges all of the allegations above as if fully set forth herein.

42. Attached as Exhibit 11 is a copy of U.S. Patent No. 12,678,228 (the "'228 Patent"). Carlsmed owns the '228 Patent and has the exclusive right to sue for infringement of the patent.

43. The '228 Patent discloses and claims, among other things, patient-specific orthopedic implant systems. DeGen has infringed multiple claims of the '228 Patent, including

at least claims 34 and 38, by making, using, offering for sale, and selling inserter instruments and implants with each of the structural features claimed in those claims of the ’228 Patent. Exhibit 12 attached hereto is a claim chart illustrating one example of DeGen’s infringement of the ’228 Patent, including how DeGen practices every element of claims 34 and 38.

44. DeGen’s acts of infringement have caused, and are causing, Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

45. DeGen has continued such infringement despite being advised of the ’228 Patent, and such infringement is and has been both willful and egregious.

## XII. SEVENTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,708,517

46. Carlsmed realleges all of the allegations above as if fully set forth herein.

47. Attached as Exhibit 13 is a copy of U.S. Patent No. 12,708,517 (the “’517 Patent”). Carlsmed owns the ’517 Patent and has the exclusive right to sue for infringement of the patent.

48. The ’517 Patent discloses and claims, among other things, spinal implants and systems and methods for designing spinal implants. DeGen has infringed multiple claims of the ’517 Patent, including at least claims 1, 10, 19, by making, using, offering for sale, and selling implants with each of the structural features claimed in those claims of the ’517 Patent. Exhibit 14 attached hereto is a claim chart illustrating one example of DeGen’s infringement of the ’517 Patent, including how DeGen practices every element of claims 1, 10, and 19.

49. DeGen’s acts of infringement have caused, and are causing, Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

50. DeGen has continued such infringement despite being advised of the ’517 Patent, and such infringement is and has been both willful and egregious.

## XIII. EIGHTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 12,734,040

51. Carlsmed realleges all of the allegations above as if fully set forth herein.

52. Attached as Exhibit 15 is a copy of U.S. Patent No. 12,734,040 (the “’040 Patent”). Carlsmed owns the ’040 Patent and has the exclusive right to sue for infringement of the patent.

53. The ’040 Patent discloses and claims, among other things, patient-specific orthopedic implants. DeGen has infringed multiple claims of the ’040 Patent, including at least claims 15, 23, and 31, by making, using, offering for sale, and selling implants with each of the structural features claimed in those claims of the ’040 Patent. Exhibit 16 attached hereto is a claim chart illustrating one example of DeGen’s infringement of the ’040 Patent, including how DeGen practices every element of claims 15, 23, and 31.

54. DeGen’s acts of infringement have caused, and are causing, Carlsmed substantial harm, including irreparable harm that warrants the issuance of an injunction, and an award of damages.

## XIV. REQUEST FOR RELIEF

WHEREFORE, Carlsmed requests the following relief:

A. A preliminary and permanent injunction enjoining DeGen and its officers, agents, servants, employees, attorneys, and any other persons who are in active concert or in participation with such persons, from practicing the methods claimed in the Patents-in-Suit and from making, selling, using, offering for sale, or importing any products infringing the claims of the Patents-in-Suit, including the products identified in the

attached claim charts;

B. For an award of damages, including lost profits, but no less than a reasonable royalty under 35 U.S.C. § 284 arising from DeGen's infringement of the Patents-in-Suit;

C. For increased damages pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

D. For an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E. For such other relief as the Court deems just and proper.

Dated: September 15, 2026

Respectfully submitted,

s/ *Tim F. Williams*

Tim F. Williams (Fed. Id. 6276)
timw@dority-manning.com
Scott A. Cole (Fed. Id. 14574)
scole@dority-manning.com
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
Telephone: (864) 271-1592

AND

Ramsey M. Al-Salam (Pro Hac Vice Application forthcoming)
ramsey.alsalam@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff*